■ CAROLYN PERLMAN, Respondent, v. JACOB BASSUK et al., Appellants, et al., Defendants.— In an action to partition certain real property, defendants appeal from an order of the Supreme Court, Queens County, dated September 1, 1964, which granted plaintiff's motion for the appointment of a temporary receiver of the subject property, pursuant to CPLR 6401. Upon the stipulation of the parties dated October 27, 1964, settling and discontinuing the action, and upon the order of the Supreme Court, Queens County, dated October 28, 1964, entered on such stipulation, the appeal is discontinued, without costs. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. F. H. HENRY JONES, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered June 14, 1961 after a jury trial, convicting him of attempted robbery in the first degree, attempted grand larceny in the second degree and assault in the second degree, and imposing sentence. Judgment affirmed. It is the defendant's sole contention on this appeal that the trial court committed prejudicial error in failing to charge the jury that it must exclude from consideration any statements which he may have made as the result of physical coercion. In our opinion, this contention is without merit. It is clear from the record that the statements referred to by the defendant were not confessions or even admissions (Fisch, New York Evidence, § 855, p. 421), since the statements indicated that he did not commit the crimes charged. Exculpatory statements, denying guilt, cannot be confessions (*People* v. *Kingston,* 8 N Y 2d 384, 388). Under the circumstances, the declarations made by the defendant denying any participation in the criminal acts charged were not confessions, and therefore do not come within the rule that confessions must be voluntary to be admissible (*People* v. *Reilly,* 224 N. Y. 90; *Bruner* v. *People,* 113 Col. 194; 3 Wigmore, Evidence [3d ed.], § 821). The purpose of the defendant's statements was to show himself innocent, so that in point of fact he had not been induced, by the use of force, to relate what was untrue, to his prejudice. Hence, there was no basis for invoking the exclusionary rule. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LAWLOR, Also Known as JOHN JOSEPH LAWLOR, Appellant.— In a *coram nobis* proceeding, defendant appeals: (1) from an order of the Supreme Court, Queens County, dated March 19, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered October 30, 1961 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence upon him as a third felony offender; and (2) from an order of the Supreme Court, Queens County, dated March 31, 1964, which denied his motion for reargument. The judgment of conviction was previously affirmed by this court (17 A D 2d 840). Order of March 19, 1964, affirmed. No opinion. Appeal from order of March 31, 1964, denying reargument, dismissed; no appeal lies from such an order. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.